**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANGEL LOPEZ and KAZUE KOIZUMI,<br><br>Plaintiffs,<br><br>v.<br><br>THE CLERK OF THE NEW JERSEY APPELLATE DIVISION, in his/her official capacity, *et al.*,<br><br>Defendants. | No. 26-cv-2950<br><br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is plaintiffs Angel Lopez and Kazue Koizumi's ("Plaintiffs") motion for a temporary restraining order and a preliminary injunction.  ECF No. 3; *see also* ECF No. 3-3 ("Moving Br.").  For the reasons stated below, the Court will deny Plaintiffs' request for injunctive relief.

On March 23, 2026, Plaintiffs filed (1) a complaint against the Clerk of the New Jersey Appellate Division, in his or her official capacity; the Presiding Judge for Administration of the Appellate Division, in his or her official capacity; the Administrative Director of the New Jersey Courts, in his or her official capacity; and ten John Doe defendants (collectively, "Defendants") and (2) a motion for a temporary restraining order and a preliminary injunction.  ECF No. 1 ("Compl."); ECF No. 3.

In the complaint, Plaintiffs allege that they are currently pursuing an appeal in the Appellate Division.  Compl. ¶¶ 6, 17.  According to Plaintiffs, they are at imminent risk of having their appellate rights extinguished by a combination of the Appellate Division's (1) refusal to waive the fees required to obtain a transcript of lower court proceedings for Koizumi—which, according to Plaintiffs, is a prerequisite to perfecting an appeal in the Appellate Division—and (2) refusal to

sever their appeals so that Lopez, who now has the requisite lower court transcripts, may pursue his appeal. *Id.* ¶¶ 17–36. Plaintiffs allege that the Appellate Division stated in a March 5, 2026, order that Lopez and Koizumi's consolidated appeal will be dismissed on March 21, 2026, if all appellants did not order transcripts by that date. *Id.* ¶ 26. Based on these allegations, Plaintiffs assert claims (1) for violations of the Fourteenth Amendment's due process clause, (2) for violations of the Fourteenth Amendment's equal protection clause, and (3) to invalidate ultra vires actions under New Jersey law. *Id.* ¶¶ 37–79.

Plaintiffs' motion for injunctive relief repeats these allegations. *See generally* Moving Br. In their motion, they ask the Court to "[e]njoin the Appellate Division from dismissing the[ir] consolidated appeal pending resolution of this action," "[o]rder Defendants to preserve the status quo," and "[s]et a prompt return date for the Preliminary Injunction." ECF No. 3-1.

The Court will deny Plaintiff's request for injunctive relief. Temporary restraining orders and preliminary injunctions are "'never awarded as of right,' but rather . . . involve[] the exercise of 'equitable discretion.'" *Transcon. Gas Pipe Line Co. v. Pa. Env't Hearing Bd.*, 108 F.4th 144, 150 (3d Cir.) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 32 (2008)), *amended on denial of reh'g*, 110 F.4th 612 (3d Cir. 2024). In exercising this discretion, the Court considers the following four factors: "(1) the [movant's] likelihood of success on the merits; (2) the [movant's] risk of irreparable injury absent preliminary relief; (3) the balance of equities; and (4) the public interest." *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024). If the movant fails to satisfy either of the first two factors, the Court may not issue injunctive relief. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

2

Plaintiffs have failed to show the first "gateway" factor of likelihood of success on the merits. To satisfy this factor, the movant must demonstrate "a reasonable chance . . . of winning" on the merits. *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011); *see also Reilly*, 858 F.3d at 179 ("[The movant] must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not).").

Here, Plaintiffs' suit appears to run directly into the Eleventh Amendment's grant of sovereign immunity to the states.[1] The Eleventh Amendment provides that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This immunity extends to New Jersey state courts, judges, and court employees. *See Robinson v. N.J. Mercer Cnty. Vicinage-Fam. Div.*, 514 F. App'x 146, 149 (3d Cir. 2013) ("[B]oth the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment."); *Talbert v. Judiciary of N.J.*, 420 F. App'x 140, 141 (3d Cir. 2011); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("[T]he state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state."); *Haddad v. Flynn*, No. 07-5617, 2008 WL 4224921, at *5 (D.N.J. Sept. 9, 2008) (similar); *see also Oyelakin v. Clerk of Phila. Fam. Ct.*, No. 25-3748, 2025 WL 3633211, at *8–10 (E.D. Pa. Dec. 12, 2025) (explaining why *Ex parte Young* does not apply to suits against officials of the state judiciary for prospective injunctive and declaratory relief); *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1355 (S.D. Ohio 2023) ("[The] *Ex parte Young* exception expressly prohibits injunctions directed toward state judicial officers regarding their

---

[1] "A court may raise the issue of sovereign immunity based on the Eleventh Amendment *sua sponte*." *Messner v. Weingarten*, No. 19-15752, 2023 WL 6806179, at *3 (D.N.J. Oct. 16, 2023); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.").

adjudication of the cases and controversies put before them."), *aff'd*, No. 24-3059, 2024 WL 5355086 (6th Cir. Sept. 4, 2024).   As such, because the Court likely lacks subject matter jurisdiction over their suit, Plaintiffs cannot show that they are likely to succeed on the merits.[2] *See Perez v. Pena*, No. 20-9023, 2020 WL 4040841, at *2 (D.N.J. July 17, 2020) ("[B]ecause Plaintiff has not demonstrated subject-matter jurisdiction, she cannot demonstrate any likelihood of success on the merits."); *Kale v. Mayorkas*, No. 21-08095, 2021 WL 2652124, at *5 (D.N.J. June 28, 2021) (denying motion for a temporary restraining order "because Plaintiffs have failed to demonstrate a likelihood of success of their claims" given the Court's lack of subject matter jurisdiction).

Accordingly, **IT IS** on this 24th day of March 2026;

**ORDERED** that Plaintiffs' motion for a temporary restraining order and a preliminary injunction (ECF No. 3) is **DENIED** without prejudice.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] The Court also notes that the Anti-Injunction Act (AIA) likely bars at least some of the relief Plaintiffs request.   The AIA "generally prohibits the federal courts from interfering with proceedings in the state courts." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988); *see* 28 U.S.C. § 2283.   In their complaint and motion for injunctive relief, Plaintiffs ask the Court to do just that.   *See, e.g.*, Compl. at 16 (requesting as relief that the Court enjoin Defendants from dismissing the consolidated appeal).   This further undermines Plaintiffs' likelihood of success on the merits.   *See Moriarty v. Duffy*, No. 25-13050, 2025 WL 2043724, at *3 (D.N.J. July 21, 2025) ("The Court cannot grant any of Plaintiff's requested relief, and thus Plaintiff fails to show any probability of success herein.").

4